## Case No. 11,410.

### In re PRICE et al.

[6 N. B R. 400;[1] 1 Md. Law Rec. 236.]

District Court, D. Maryland. Jan. 3, 1872.

BANKRUPTCY—EXEMPTION OUT OF PARTNERSHIP ESTATE.

An exemption, in accordance with the provisions of the fourteenth section of the present bankrupt act [of 1867 (14 Stat. 522)]. cannot be allowed to an individual partner out of the partnership estate, as such exemption can only be allowed in case there is a surplus after paying the partnership creditors.

[Cited in Re Handlin, Case No. 6.018; Re Hughes, Id. 6,842; Re Corbett, Id. 3,220.]

The state law allows an exemption of one hundred dollars. John S. Price applied for this allowance out of the partnership assets.

---

## Case No. 11,411.

### In re PRICE et al.

[8 N. B. R. 514.][2]

District Court, E. D. Michigan. 1873.

BANKRUPTCY—PETITION FOR ADJUDICATION—BURDEN OF PROOF.

By the express terms of section forty-one of the bankrupt act [of 1867 (14 Stat. 536)], the burden is upon the debtor to prove to the satisfaction of the court that the facts set forth in the petition filed against him for an adjudication of bankruptcy are not true, and unless he does so the petitioner is entitled to judgment.

[Cited in Re Jelsh, Case No. 7,257; Re Rogers, Id. 12,003.]

On the petition [of Price & Miller] for adjudication of bankruptcy and denial. No demands for trial by jury. The case coming on for hearing the debtor's counsel contended that the petitioner must first make out his case by proofs, the same as in any other issue. The petitioner's counsel, on the other hand, contended that, by the express terms of section forty-one of the bankrupt act, the burden was upon the debtor to prove to the satisfaction of court that the facts set forth in the petition are not true, and that unless he does so the petitioner is entitled to judgment. This is the only question for decision.

Mr. Griffin, for petitioners.
Mr. Pond, for debtor.

LONGYEAR, District Judge. If the solution of the question presented depend upon the language of section forty-one alone, there could be but little or no difficulty in the matter. The language used is plain and explicit, and scarcely admits of construction to ascertain its meaning, or of doubt as to what that meaning is. Section forty-one, in full, is as follows, that portion now under consideration being in italics: "Section forty-one. And be it further enacted, that on such return day or adjourned day, if the notice has been duly served or published, or shall be waived by the appearance and consent of the debtor, the court shall proceed summarily to hear the allegations of the petitioner and debtor, and may adjourn the proceedings from time to time, on good cause shown, and shall, if the debtor on the same day so demand in writing. order a trial by jury at the first term of the court at which a jury shall be in attendance, to ascertain the fact of such alleged bankruptcy; *and, if upon such hearing or trial, the debtor proves to the satisfaction of the court or of the jury, as the case may be, that the facts set forth in the petition are not true*, or that the debtor has paid and satisfied all liens upon his property, in case the existence of such liens were the sole ground of the proceedings, *the proceedings shall be dismissed* and the respondent shall recover costs."

Language more explicit could hardly have been used to indicate the intention of congress to cast upon the debtor the burden of disproving the facts set forth in the petition, in the first instance, and before the petitioner could be called upon to make any proof whatever other than that filed with his petition. The necessary result of this would be that if the debtor failed to make such proof the proceedings would not be dismissed and an adjudication of bankruptcy would follow. When we consider this language, however, in connection with language used in another part of the act, and in the prescribed forms, and in view of the somewhat anomalous character of the requirement, it must be confessed that the question is not entirely free from doubt.

Section forty-two provides that "if the facts set forth in the petition are found" (upon such hearing or trial, of course) "to be true * * * the court shall adjudge the debtor to be a bankrupt." etc.; and the adjudication, according to the prescribed form, number fifty-eight, must expressly recite that it was so found. The form of adjudication, under section forty-one. dismissing the proceedings, number sixty, requires that it shall be re-

[1] [Reprinted from 6 N. B. R. 400, by permission.]

[2] [Reprinted by permission.]

cited that "it was found that the facts set forth on the petition were not proved." Looking at the language used in these three several instances, without reference to section forty-one, I think it would be quite apparent, and that it would be so held, that it was contemplated by congress and by justices of the supreme court that the petitioner should at the hearing prove the facts set forth in the petition, and that if he failed so to do the proceedings should be dismissed at his cost. It will be readily observed, however, that such a meaning is clearly repugnant and utterly irreconcilable with the plain meaning of section forty-one. Such meaning should therefore not be attached to the language unless it is clear, beyond all question, that it will admit of no other; because, by a well recognized rule of construction, all the parts of a statute must be so construed, if possible, as to make them harmonious and consistent with each other. Let us see, therefore, how these seemingly contradictory provisions appear in the light of other provisions of the act which will now be noticed.

By section forty it must be made to appear to the court "that sufficient grounds exist" for filing the petition before an order to show cause can issue, or any proceedings whatever be had upon the petition. The requirement is absolute, and compliance with it is essential. "Probable cause" is not sufficient. It must be proved by legal evidence that such grounds exist, or, in other words, that the facts set forth in the petition are true, before a debtor can be brought into court to show cause against the same or be in any manner disturbed in his affairs by reason of the filing of the petition. How rigorous this proof is required to be is indicated by the forms of depositions prescribed to be filed with the petition. (Nos. 55, 56.) In the first place he must prove his claim, and in the second place the act or acts of bankruptcy alleged. That the justices of the supreme court so understand the requirement of section forty is further indicated by the recital in the form prescribed by them for the order to show cause. (No. 57.) That order commences with this recital: "Upon filing proofs sustaining the allegations of the petition," etc. The order to show cause requires the debtor to appear at a time and place specified "and show cause, if any there be, why the prayer of said petition should not be granted." Construing sections forty and forty-one together, therefore, the plain meaning is simply this: The court, addressing the debtor, says to him: "It has been proved that the facts set forth in the petition filed against you are true, and you will be adjudicated a bankrupt thereon unless you shall appear at such a time and place and prove to the satisfaction of the court or of the jury, as the case may be, that the said facts are not true;" and I can see no escape from this conclusion.

In the light of this conclusion, I think all apparent repugnancy and inconsistency between sections forty-one and forty-two and between the former section and forms fifty-eight and sixty, entirely disappear. If the debtor fails to disprove the facts set forth in the petition, as is incumbent on him under section forty-one, there is certainly no repugnance or inconsistency in saying that those facts. already sustained, as we have seen by proofs on file, "are found to be true," as contemplated by section forty-two and form fifty-eight. And, on the other hand, if the debtor does disprove the facts set forth, there is, it seems to me, no substantial repugnance or inconsistency in saying that it "was found that the facts set forth in the petition were not proved." It is but another form of stating that the proofs filed with the petition, and by which the facts set forth in it were maintained, have been overcome by other proofs. The language selected may not be the most appropriate to express the idea, but it is certainly not irreconcilable with the foregoing conclusion as to the meaning of sections forty, forty-one and forty-two.

The law, as above expounded, may seem harsh and oppressive. Perhaps it is. The duty of courts, however, is to expound and administer the law as they find it, and not as they would have it in case they disagree with the justness or propriety of its provisions. I think, however, that on reflection it will be seen that there are many features of it that relieve it of much, if not all, of the harshness apparent on first impression. In the first place, the debtor is secure against molestation without the requisite preliminary proofs. In the next place, he is furnished with a copy of the petition when the order to show cause is served upon him, thus placing him in possession, at the earliest moment, of the petitioner's full case; and the proofs by which it is sustained, being accessible to him, he is afforded the most ample opportunity of judging whether he has a defence, and of preparing for it if he has one. If he desires to cross-examine the petitioner's witnesses or the petitioner himself, the process of the court is ample to secure him that privilege. If the witnesses are beyond the reach of process, the powers of the court in another direction are no doubt ample for his full protection.

It was asserted at the hearing that it is the uniform practice of the bankruptcy courts for the petitioner to make his proofs at the hearing or trial, before the debtor can be called on to rebut the petitioner's case. I think this assertion is broader than the facts warrant. True, such has been the practice in this court; but it is well known that it has been because petitioners have submitted to it voluntarily, and, until the present case, have never claimed nor asked to avail themselves of the provisions of the act in this respect. And such may have been, and no doubt has been, the case in many of the other districts, but not in all, as will be presently seen. Considering the importance of the question, there is a re-

markable dearth of reported decisions of the courts or other authority, directly in point, in regard to it. While this is the case, however, it is a significant fact that in every reported decision in which this question has been nearly or remotely involved, or in any manner alluded to, the courts, with a single exception, so far as I can ascertain, have sustained the conclusion arrived at in this opinion. These decisions, and the exception, will now be noticed.

In Re Randall [Case No. 11,551], Deady, J., in discussing the question of the degree of certainty requisite in the statement of facts in a creditor's petition for adjudication, after quoting that portion of section forty-one here under consideration, · says: "The effect of this provision is to throw the burden of proof upon the respondents, and a denial of the facts in the petition by the answer of the respondents does not shift this burden upon the petitioners. No other or less effect can be given to the language of section forty-one, requiring the debtor to prove that the facts set forth in the petition are not true. But it seems to me, on the other hand, that justice to the debtor requires that the facts to be disproved by him should be stated with such certainty and detail as to inform him of what he is to make an explanation or proof."

In Re Leonard [Case No. 8,255], Treat, J., in considering the question of a petitioner's right to amend his petition at or near the trial, by alleging additional acts of bankruptcy, says: "When a creditor's petition is filed and proofs submitted to the judge, if he grants an order to show cause why the defendant should not be adjudged a bankrupt upon the alleged acts of bankruptcy, the very terms of the bankrupt act require that, on the trial, the defendant shall prove that the facts set forth in the petition are not true. That provision of the act manifestly depends for explanation on the preceding, whereby upon the filing of the petition it must be 'made to appear' to the court 'that sufficient grounds exist therefor;' in other words, that a prima facie case has been established by the proofs offered to sustain the allegations made. * * * All of the subsequent proceedings are based on the initial proofs 'that sufficient ground exists,' that is, prima facie the defendant has committed the acts of bankruptcy charged. If no such proof is submitted, no further proceedings follow; the case is at an end, and all ancillary or dependent proceedings, stringent or otherwise, fall to the ground. If, on the other hand, the order to show cause is granted, then defendant has cast upon him the burden of proving a negative, (always a difficult and hard matter). * * * That construction has been uniformly given to the act by this court, and no reason has been suggested which induces a doubt as to the correctness of the rulings upon the point."

In Re Skelley [Case No. 12,921], Blodgett, J., in considering the question of the right of the debtor on the hearing or trial to show that the petitioning creditor's debt has been reduced, by payments since petition filed, below the requisite amount, after quoting the last clause of section forty-one, says: "Thus evidently intending to allow the debtor the right on the trial to disprove all the material allegations in the petition, or, in other words, to rebut the prima facie case made by the petition and the preliminary proofs filed therewith."

The only decision to which my attention has been called, or that has fallen under my notice, seeming to hold the opposite doctrine, is in the case of Brock v. Hoppock [Case No. 1,-912], in which Blatchford, J., by a newspaper reporter's notes, originally published in the New York Times and an abstract transferred to the Bankrupt Register, is reported so to have held. The opposite does not seem to have been claimed or contended for, and the decision appears to have been in the midst of a jury trial; and, for anything that appears, it may have been conceded on behalf of the petitioning creditors. At all events, the conclusion does not appear to have been arrived at with that deliberation which would entitle it to the weight and respect usually accorded to the opinions of that learned jurist, and its authentication is not the most satisfactory. I think, therefore, it may be safely asserted that, in answer to the order to show cause, the burden is on the debtor to prove that the facts set forth in the petition are not true, in order to defeat an adjudication of bankruptcy against him, and obtain a dismissal of the proceedings. This is supported by authority as well as on principle.

It results, in this case, no objection being made to the sufficiency of the petition and of the proofs filed therewith, that an adjudication of bankruptcy must pass against the debtors unless they shall prove to the satisfaction of the court that the facts set forth in the petition are not true.